UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KELLY MAYES,

    Petitioner,

v.

PAUL COPENHAVER and HARLEY LAPPIN, BUREAU OF PRISONS,

    Respondents.

No. C 09-4267 MHP

**ORDER TO SHOW CAUSE**

    Petitioner is a federal prisoner proceeding *pro se* on her petition for a writ of habeas corpus pursuant to 28 U.S.C. section 2241. The writ of habeas corpus is available to a federal prisoner if she can show she is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2241(c)(3). Petitioner complains that she is in custody in violation of 18 U.S.C. section 3624(d) and the regulations promulgated thereunder, which provide for prerelease custody of inmates about to complete their sentence and prepare for reenty into the community. Such claims are cognizable under section 2241 rather than under 28 U.S.C. section 2255. *See Hernandez v. Campbell*, 204 F.3d 861, 864 nn.2 & 4 (9th Cir. 2000). Petitioner was sentenced in the United States District Court for the District of Montana, however, venue is proper here because she is confined at the federal Bureau of Prisons Satellite Prison Camp at Dublin, California, which is in this district. *Id* at 864.

    In this court's order filed on December 9, 2009, the court dismissed the petition without prejudice for failure of petitioner to exhaust administrative remedies. Plaintiff now returns to the

court submitting a letter and an attachment from the Bureau of Prisons addressing her appeal. In her letter she asks that her "Motion 2241 be reopened" Petr's. Letter ("Letter") Doc.No.10. The court treats the submission as an application to renew the petition for a writ of habeas corpus and reopens this action accordingly,

The attachment submitted to the court is a form Memorandum from the Federal Bureau of Prisons dated May 3, 2010, stating that petitioner's appeal was received and entered and that "[a] response is still in progress. If more than 40 days have elapsed since the filing date, you are entitled to consider your appeal denied. However, some cases cannot be decided within this time period. In that event, the time for response may be extended for an additional 20 days." Attach.to Doc.No.10. According to the Memorandum, the entry date, which this court interprets as the "filing date", is April 12, 2010. Nothing else has been submitted by petitioner that reflects any subsequent activity and she states in her letter/application that as of the date of its writing, June 28, 2010 "no request for an extension ... has been received.". Doc.No.10. Thus, it would appear that petitioner has exhausted her administrative remedies and is entitled to proceed on her petition.

The relief that petitioner seeks is prerelease custody to a community correctional facility and thereafter to home confinement in accordance with section 3624(c) and other laws and regulations promulgated in furtherance of this section. Since it appears that petitioner has exhausted her administrative remedies and may be entitled to relief the court orders the respondents to answer the petitioner's claims addressing particularly the following questions:

1) Has petitioner exhausted her administrative remedies?

2) If petitioner has not exhausted her administrative remedies, why would it not be futile for petitioner to proceed any further in that effort?

3) Is petitioner entitled to relief on the claims she asserts in her petition filed on September 15, 2009; if not, why not, and, if so, to what remedies is petitioner entitled?

ACCORDINGLY, IT IS HEREBY ORDERED that::

1. The Clerk of Court shall serve by mail a copy of this Order, the Petition filed on September 15, 2009, the letter of June 28, 2010, a copy of the docket record in this case and all attachments upon the United States Attorney. The Clerk shall also serve a copy of the Order on the respondents.

2. Respondents shall file with the court and serve on petitioner within sixty (60) days of the issuance of this order their response showing cause why a writ of habeas corpus should not be granted.

3. If petitioner wishes to reply to respondents' response, she shall do so by filing her reply with the court and serving respondents within thirty (30) days of her receipt of the response.

4. It is petitioner's responsibility to prosecute this case. She is reminded that all communications with the court must be served on respondents by mailing a true copy of the communications to respondents' counsel. Petitioner must keep the court and all parties informed of any change of address by filing a separate paper captioned "Notice of Change of Address". Petitioner must comply with the court's Orders in a timely fashion. Failure to do so may result in the dismissal of this action for lack of prosecution.

Dated: July 2, 2010          _____

MARILYN HALL PATEL
United States District Court Judge
Northern District of California