UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELLY MAYES, | No. 09-4267 MHP |
| Petitioner, | **ORDER OF DISMISSAL** |
| v. | |
| RANDY TEWS, warden, | |
| Respondent. | |

## INTRODUCTION

Kelly Mayes, an inmate at the Federal Correctional Institution in Dublin, California, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 challenging the alleged refusal of the Bureau of Prisons ("BOP") to exercise its discretion to consider her individually for placement in a residential re-entry center ("RRC") and home confinement. Respondent argues that Mayes' request to the BOP and her habeas petition were premature. The court agrees. The petition will be dismissed because Mayes has failed to show that her rights under the Constitution, laws or treaties of the United States were violated when the BOP deferred consideration of her request made when she had almost three years remaining in her sentence.

## BACKGROUND

Mayes is in custody serving a 72-month sentence upon being convicted of conspiracy to possess with the intent to distribute methamphetamine, see 21 U.S.C. § 846. Her projected release date is September 17, 2012. When Mayes was sentenced, the court recommended that she be placed at FCI Dublin and that she participate in the BOP's Residential Drug

Abuse Treatment Program (RDAP).  Rodriguez Decl., ¶ 3.  "The RDAP is a program that involves a 500 hour institution unit-based component (lasts between 8 to 9 months), transition treatment at the institution, and community-based after-care in a RRC.  Typically a RDAP inmate will receive 180 days of RRC, which includes a drug treatment after-care component." Id. at ¶ 6.  Successful completion of the RDAP may result in a sentence reduction of up to a year.  Id.

Mayes submitted an inmate request on November 24, 2009 – more than two months after filing her federal habeas petition – asking that she be sent to an RRC for 12 months. Rodriguez Decl. Ex. 3 at 1.  The warden responded that her request was premature, as she was more than 30 months from her projected release date and "[p]re-release RRC placement recommendations are ordinarily made 17-19 months before an inmates (sic) projected release date." Id at 3.  Mayes appealed the decision.  The BOP's regional director responded that her request was premature and she would "be evaluated for pre-release transfer to an RRC under the Second Chance Act of 2007, 17-19 months prior to [her] projected release date." Id. at 6. Mayes further appealed to the BOP's central office, and again was informed that she would be reviewed for pre-release transfer to an RRC 17-19 months before her projected release date. Id. at 8.

At the time she filed this action on September 15, 2009, Mayes had 36 months remaining in her sentence and had not even requested the RRC placement.  The court dismissed the petition without prejudice on December 8, 2009 because Mayes had not exhausted administrative remedies.  Mayes later exhausted administrative remedies (as described in the preceding paragraph) and asked that the action be reopened.  On July 2, 2010, the court reopened the action and ordered respondent to show cause why the petition should not be granted.  Respondent filed a response in which he argued that the petition, like Mayes' request to the BOP for placement in an RRC, was premature.  At the time respondent filed his response in August 2010, Mayes was on the waiting list for entry into the RDAP. Id. Mayes never filed a traverse, or any other document in the several months since the court

2

granted her request to reopen the case.  The BOP's website lists her as still being incarcerated at FCI Dublin.

Randy Tews, the current warden at FCI Dublin, has been substituted in as the respondent in place of the former warden, Paul Copenhaver.  See Fed. R. Civ. P. 25(d).

## DISCUSSION

The BOP has authority to designate the location of an inmate's imprisonment under 18 U.S.C. § 3621(b) and has authority to allow an inmate to serve time in an RRC under 18 U.S.C. § 3264(c).  The statutory scheme and the rules promulgated pursuant thereto have been amended and modified over the last decade.  Mayes' argument rests largely on an outdated version of the laws and rules.  Rather than focus on former versions of the statute, rules and policies – which are irrelevant to the present dispute – the court focuses on the statutes, regulations and rules in place at the times relevant to consideration of Mayes' individual case.

After BOP practices were challenged first as too generous and later as too restrictive with regard to RRC placement, the Second Chance Act of 2007 ("SCA"), 42 U.S.C. § 17501-17555, was signed into law on April 9, 2008.  See generally Rodriguez v. Smith, 541 F.3d 1180, 1182-84 (9th Cir. 2008) (discussing history of RRC statutes, rules and policies).  The SCA authorizes the BOP to consider placing inmates in an RRC for up to the final twelve months of their sentence.  As amended by the SCA, section 3624(c) provides:

> (1)  **In general.**--The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community.  Such conditions may include a community correctional facility.
>
> (2)  **Home confinement authority**.– The authority under this subsection may be used to place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months.

18 U.S.C. § 3624(c).  The BOP has sole discretion to place an inmate in "any available penal or correctional facility" and to "direct the transfer of an inmate from one penal or correctional facility to another" at any time.  18 U.S.C. § 3621(b); Rodriguez, 541 F.3d at

3

1185.  The only limitation with respect to that discretion is that the BOP must make an individualized determination of an inmate's placement in an RRC, and do so after considering the five criteria in 18 U.S.C. § 3621(b).

Five days after the SCA went into effect, the BOP issued a memorandum on April 14, 2008 ("the April 14, 2008 memorandum") explaining the changes brought about by the SCA and providing guidance to BOP staff to administer the new law.  See Sacora v. Thomas, 628 F.3d 1059, 1063 (9th Cir. 2010).  On October 21, 2008, the BOP issued regulations codified at 28 C.F.R. § 570.20 - 570.22.  Sacora, 628 F.3d at 1063.  One new regulation provided that inmates "may be designated to community confinement as a condition of pre-release custody and programming during the final months of the inmate's term of imprisonment, not to exceed twelve months."  28 C.F.R. § 570.21(a).  Another new regulation provided that inmates "will be considered for pre-release community confinement in a manner consistent with 18 U.S.C. section 3621(b), determined on an individual basis, and of sufficient duration to provide the greatest likelihood of successful reintegration into the community, within the time-frames set forth in this part." 28 C.F.R. § 570.22.  The April 14, 2008 memorandum instructed BOP staff to make an inmate's pre-release RRC placement decision on an "individual basis using current bureau policy," and noted that, "because the SCA has increased the maximum allowable pre-release community corrections placement period to 12 months, BOP staff must review inmates for pre-release community corrections placements earlier than before, 17-19 months prior to their projected release dates."  Sacora, 628 F.3d at 1063.  The April 14, 2008 memorandum also informed staff that the consideration had to be based on the five criteria set out in 28 U.S.C. § 3621(b) for placement decisions.  The BOP officials issued another memorandum on November 14, 2008 informing BOP staff that inmates were legally eligible to be placed in an RRC at any time during their sentence so that staff could not automatically deny an inmate's request for transfer to an RRC, but again reminding staff that an RRC placement beyond six months "'should only occur when there are unusual or extraordinary circumstances justifying such placement, and the Regional

1 Director concurs.'" Sacora, 628 F.3d at 1064.

2 　　　The BOP's policy after enactment of the SCA thus presumes that six months of RRC
3 placement is sufficient in the typical case, notwithstanding the statutory scheme that allows
4 for 12 months of RRC placement. The BOP's policy does not violate § 3621 or § 3624.
5 See Sacora, 628 F.3d at 1066 (noting that policy disfavoring placement in RRC for more than
6 six months was reasonable because SCA affords BOP the option to make placements in RRC
7 for up to 12 months but does not require that placements be for longer than six months); see
8 also id. at 1066 n.7 (BOP's policy is consistent with the Congressional purpose in enacting
9 the SCA).

10 　　　Here, Mayes contends that the BOP improperly refused to exercise its discretion to
11 consider her individually for placement in an RRC and home confinement.  She fails to
12 persuade the court that the BOP has failed to comply with the laws, treaties or Constitution of
13 the United States.  The BOP did not completely deny her request for placement and instead
14 only deferred its consideration of her request until a time when she was closer to the end of
15 her sentence.  At the time the BOP determined to defer her request, Mayes still had 30
16 months before the end of her sentence.  This deferral of the decision did not violate any of
17 Mayes' legal rights.  See generally Quan v. U.S. Bureau of Prisons, 402 Fed. Appx. 181, 181,
18 2010 WL 4296638, *1 (9th Cir. 2010) (inmate's claim that the BOP was required to consider
19 placing him in an RRC for the last ten percent of his sentence dismissed as unripe because,
20 while it was a correct statement of the law, the inmate "does not present any basis for relief
21 because [inmate] concedes that he is not yet serving the last ten percent of the prison term");
22 Stanko v. Obama, 393 Fed. Appx. 849, 851, 2010 WL 3517425, *1-2  (3d Cir. 2010) (inmate
23 lacked standing to bring claim based on eligibility for placement in RRC where BOP
24 informed him that his request was premature and would be considered at his next program
25 review when he would be 17-19 months from the end of his sentence).  The BOP has not
26 refused to consider Mayes individually or denied her RRC placement, but instead has told
27 her to wait until a later date for the individualized consideration that the BOP agrees she is
28

1 entitled to receive.  See Rodriguez Decl. Ex. 3 at 6 and 8.  No statute or regulation prohibited
2 the BOP's chosen approach.  Deferring consideration until a later date did not deprive Mayes
3 of an RRC placement that complied with § 3624(c) and/or the BOP rules pursuant thereto.

4      Mayes suggests that she is entitled to twelve months of RRC time plus six months of
5 home confinement.  See Petition at 8, 9.  The statute does not support her view.  Section
6 3624(c)(2) provides that "[t]he authority under this subsection may be used to place a
7 prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of
8 that prisoner or 6 months."  The "subsection" to which the statute refers is subsection (c), and
9 that subsection allows for the prisoner to spend "a portion of the final months of that term
10 (not to exceed 12 months)" of the prerelease custody.  Section 3624(c)'s own language puts a
11 cumulative limit of 12 months for whatever kinds of prerelease custody are used.  Since
12 home confinement may not exceed six months, a prisoner who receives six months of home
13 confinement cannot receive more than six months of RRC.  Thus, there is no force to Mayes'
14 suggestion that her application had to be decided at least eighteen months before the
15 scheduled end of her term so that she would not miss any possible opportunity for home
16 confinement.

17      Mayes also asserts that she was denied equal protection under the law because "male
18 inmates are being categorically granted six months in the CCC, while females are being
19 categorically denied consideration for the full twelve months based on their gender and
20 custody level."  Petition at 1.  She has failed to allege an equal protection violation because
21 she does not actually allege that inmates are being treated differently based on gender: her
22 allegation that men are receiving 6-month RRC placements and that women are not receiving
23 12-month RRC placement leaves open the possibility that both men and women are receiving
24 6-month RRC placements.  Further, Mayes presented no evidence at all in support of her
25 conclusory allegation of an equal protection violation.  Her equal protection argument is
26 rejected.

27      There simply is no statute, regulation, rule or policy that requires the BOP to give the
28

6

inmate the individualized consideration regarding the RRC placement <u>early</u> in her sentence. The BOP did not violate any protected right by deferring Mayes' request that was made when she still had 30 months remaining in her sentence. Mayes' request to the BOP for RRC placement permissibly was deferred because it was made long before the last twelve months of her sentence. It might at some later date turn out that the BOP has denied Mayes the individualized consideration for pre-release custody in an RRC and/or home confinement to which she is entitled, but there is no evidence that the BOP has done so yet. The possibility that there might be a denial of a right tomorrow does not support habeas relief today because such a dispute would be unripe. "The Constitution limits the jurisdiction of the federal courts to live cases and controversies, and as such, federal courts may not issue advisory opinions." <u>Kittel v. Thomas</u>, 620 F.3d 949, 951 (9th Cir. 2010). The federal court's "role is not to provide a belt-and-suspenders opinion on a downstream controversy." <u>Id.</u> (declining to issue a protective ruling on the applicability of a court decision to petitioner's case to support a future motion for a reduction in his term of supervised release). Even today, Mayes is not within that last twelve months of her sentence and there remains time for the BOP to evaluate her for RRC placement, if it has not done so yet.

## CONCLUSION

The petition for writ of habeas corpus is DISMISSED. This dismissal is without prejudice to Mayes filing another action if the BOP denies her individualized consideration for placement in pre-release custody or if she reaches a point in time where it is too late for the BOP to provide such consideration in time to comply with the statute. The clerk shall close the file.

IT IS SO ORDERED.

DATED: May 11, 2011

Marilyn Hall Patel
United States District Judge